Tommy SF Wang (SBN: 272409)
WANG IP LAW GROUP, P.C.
18645 E. Gale Ave., Suite 205
City of Industry, CA 91748
Telephone: (888) 827-8880
Facsimile: (888) 827-8880
Email: twang@thewangiplaw.com

Attorneys for Plaintiff,
EP Family Corp.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EP FAMILY CORP., a California corporation,<br><br>    Plaintiff,<br><br>      v.<br><br>OFFICE KICK, INC., a Colorado corporation,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff EP Family Corp. ("Plaintiff") by and through its attorneys, for its Complaint against Defendant Office Kick, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.    This is an action arising under the Declaratory Judgment Act and patent laws of the United States seeking a declaratory judgment of non-infringement of United States Patent No. 11,849,843 (the "'843 Patent").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

3.    Personal jurisdiction over Defendant is proper in this District because it has availed itself of the rights and benefits of the laws of California and it has

conducted business relating to the licensing and enforcement of patents in California. Defendant has filed reports and complaints, alleging infringement of the '843 Patent, against Plaintiff's business operating from this District.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this judicial district, has directed its business, licensing, and enforcement activities at this judicial district, and a substantial part of the events that give rise to the claim occur within this judicial district.

## THE PARTIES

5.     Plaintiff is a corporation organized under the laws of the State of California, with its principal place of business located at 20687 Amar Rd, Ste 2-832, Walnut, CA 91748.

6.     On information and belief, Defendant is a corporation organized under the laws of the State of Colorado, with its principal place of business located at 1942 Broadway Ste 314C, Boulder, CO 80302.

## STATEMENT OF FACTS

**The Patent**

7.     The '843 Patent, entitled Desktop Workspace That Adjusts Vertically, names Nathan Mark Poniatowski as the inventor and was issued on December 26, 2023. Defendant is the assignee of all right, title, and interest in the '843 Patent. Attached as **Exhibit 1** is a true and correct copy of the '843 Patent.

8.     The '843 Patent is directed to a desktop workspace that adjusts vertically and includes a work surface platform, such as a desk, a height adjustable mechanism including at least one set of arms that connect at a pivot point(s) creating a scissoring motion to raise and lower said work surface platform to various heights. A locking and unlocking mechanism may connect to the height adjustable mechanism. In some cases, the apparatus includes an adjustable mechanism to

support items such as a keyboard and/or elements to raise items such as a monitor to an additional height. The '843 Patent contains 29 claims, seven (7) of which are independent and 22 of which are dependent claims.

**Existence of an Actual Controversy**

9.    There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§2201 and 2202.

10.    On or around January 4, 2024, Plaintiff was notified by Amazon of a report of patent infringement filed by Defendant alleging that Plaintiff's product sold under ASINs B0BNG1RN9R, B095W8MDZP, B0B1VF2H2J, B095W87Z6K, B08MHTR2TF, and B0BPND59R6 (the "Accused Product"), infringes upon Defendant's '843 Patent.

11.    On or around January 9, 2024, Plaintiff sent a letter to Amazon refuting the infringement report, but was advised by Amazon that Plaintiff's only recourses were to seek retraction of the report from Defendant or pursue a federal Complaint for declaratory relief.

12.    Accordingly, on or around January 12, 2024, Plaintiff sent a letter to Defendant requesting retraction of the report of patent infringement.

13.    Plaintiff and Defendant were not able to come to an agreement and Defendant refused to retract the report of patent infringement with Amazon.

14.    Further, Defendant has initiated the Amazon Patent Evaluation Express procedure against Plaintiff, which necessitates the filing of this suit for declaratory judgment.

15.    Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether the Accused Product infringes the '843 Patent.

16.    Absent a declaration of non-infringement, Defendant will continue to wrongfully allege that the Accused Product infringes the '843 Patent, and thereby cause Plaintiff irreparable injury and damage.

COMPLAINT
3

## COUNT I

### (Declaratory Judgment of Non-Infringement)

17. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

18. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

19. The Accused Product does not infringe, literally or under the doctrine of equivalents, any of the valid claim of the '843 Patent.

20. For example, the Accused Product does not use a gas spring as part of the height adjustment mechanism as required by the '843 Patent.

21. Plaintiff is not infringing, and has never infringed, any valid claim of the '843 Patent either directly or indirectly, either literally or under the doctrine of equivalents.

22. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding its Accused Product and the '843 Patent.

23. Plaintiff is entitled to a declaratory judgment that Plaintiff has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the '843 Patent under 25 U.S.C. §271.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Adjudging that the Accused Product has not infringed, and is not infringing, either directly or indirectly, any valid and enforceable claim of the '843 Patent, in violation of 35 U.S.C. § 271;

2. A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging,

COMPLAINT

4

representing, or otherwise stating that the Accused Product infringes any claims of the '843 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '843 Patent against Plaintiff or any customers, manufacturers, users, importers, or sellers of the Accused Product;

3.     Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

4.     That Defendant be ordered to pay all fees, expenses, and costs associated with this action; and

5.     That Plaintiff be awarded such further legal and equitable relief as the Court deems just and proper.

Dated: January 24, 2024                    Respectfully submitted,

                                           */s/ Tommy SF Wang*
                                           Tommy SF Wang
                                           Attorneys for Plaintiff,
                                           EP Family Corp.

COMPLAINT

5